IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN FOLKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-103-GMS |
| | ) |
| CARL DANBERG, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff John Folks ("Folks"), an inmate at the James T. Vaughn Correctional Center

("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 1.)  He

appears *pro se* and has been granted permission to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915. (D.I. 14.)  The court now proceeds to review and screen the complaint pursuant

to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Folks raises a number of claims in his complaint and amendment, as follows: (1) he was

subjected to retaliation as a result of his participation in Civ. No. 08-539-GMS when he was

transferred on October 1, 2008, from the Medium High Housing Unit ("MHU") to the Security

Housing Unit ("SHU") and his television was stolen; (2) he was denied his migraine and high

blood pressure  medication and has not seen a chronic care physician in over two years for his

condition of Hepatitis C; (3) he should not have been reclassified from MHU to SHU; (4) his

television was stolen and removed from the VCC; (5) his cell has been searched numerous times

since his transfer to SHU; (6) his grievances are ignored; and (7) the heart healthy diet provided

for inmates is not sufficiently caloric and causes weakness. (D.I. 1, 3.)  Folks seeks injunctive

relief and compensatory and punitive damages.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S.89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Id.* at 555 (citations omitted). The "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the assumption

that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations

omitted).

Folks is required to make a "showing" rather than a blanket assertion of an entitlement to

relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some

factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she

provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing

*Twombly*, 550 U.S. at 556 n.3). Therefore, "'stating . . . a claim requires a complaint with

enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting

*Twombly*, 550 U.S. at 556 n.3). "This 'does not impose a probability requirement at the pleading

stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery

will reveal evidence of' the necessary element." *Id.* at 234. Because Folks proceeds *pro se*, his

pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct.

at 2200 (citations omitted).

## III. DISCUSSION

### A. Personal Involvement

Folks names as defendants Delaware Department of Correction ("DOC") Commissioner

Carl Danberg ("Danberg"), Bureau Chief Rick Kearney ("Kearney"), Warden Perry Phelps

("Phelps"), Michael Costello ("Costello"), Michael Little ("Little"), and Ronald Hosterman

("Hosterman"). Only Danberg and Phelps are mentioned in the complaint and its amendment.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Inasmuch as there are no allegations directed towards Kearney, Costello, Little, and Hosterman they will be dismissed as defendants. Therefore, the court will dismiss the claims as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## B. Retaliation

Folks alleges that as a result of his participation in Civ. No. 08-539-GMS, he was "intentionally, suspiciously, and unlawfully" moved from MHU to SHU. Folks alleges that his initial classification was approved but later deferred, and he should not have been moved unless the directive came from the warden (i.e., Phelps). Additionally, he alleges retaliation occurred, again due to participation in the lawsuit, when the warden disregarded his rights and his television was "stolen from the property room and sent out of the prison."

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon,* 897 F.2d 103, 111-12 (3d Cir. 1990). It has long been established that the First Amendment bars retaliation for protected speech. *See Crawford-El v. Britton,* 523 U.S. 574, 592 (1998); *Milhouse v. Carlson,* 652 F.2d 371, 373-74 (3d Cir. 1981). Proof of a retaliation claim requires that Folks demonstrate

-4-

(1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334. Applying the retaliation standard and construing the complaint liberally, Folks has stated a claim of retaliation for his exercise of his First Amendment right to access the courts against Phelps. He will be allowed to proceed with this claim.

## C. Classification

As discussed above, Folks complains that his classification caused a transfer in housing from MHU to SHU. As is well known, inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Moreover, neither Delaware law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. *See* Del. Code Ann 11, § 6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the

-5-

Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

It has thus been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett*, 429 U.S. 78 (1976 ); *see also Lott v. Arroyo*, 785 F. Supp. 508, 509 (E.D. Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); *Brown v. Cunningham,* 730 F. Supp. 612 (D. Del. 1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest). For the above reasons, the classification claim lacks an arguable basis in law or in fact and, therefore, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## D. Personal Property

Folks alleges a violation of his right to due process when, as a result of his transfer to SHU on October 1, 2008, his television was placed in storage and then "sent out of the prison" to whereabouts unknown. A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds by,* 474 U.S. 327 (1986); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984).

Folks has available to him the option of filing a common law claim for conversion of property. Inasmuch as Delaware law provides an adequate remedy, Folks cannot maintain a cause of action pursuant to § 1983. *See Hudson,* 468 U.S. at 535; *Nicholson v. Carroll*, 390 F. Supp. 2d 429, 435 (D. Del. 2005); *Acierno v. Preit-Rubin, Inc*., 199 F.R.D. 157 (D. Del. 2001) (other citations omitted). As currently presented, the claim lacks an arguable basis in law or in fact and must, therefore, be denied as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### E. Medical Needs

Folks alleges that he has been deprived medication he requires for migraine headaches and high blood pressure. He also alleges that he suffers from Hepatitis C and has not been seen by a chronic care physician in over two years. He alleges that he has written to the warden and to Danberg about his medical situation, but he has been ignored. Exhibits attached to the complaint indicate that Folks has submitted numerous grievances complaining that he is not receiving any medical care.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-

-7-

05.

While the U.S. Court of Appeals for the Third Circuit has concluded that prison administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor," *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993), in the present case Folks alleges that he is not receiving **any** medical care and made that fact known to Danberg and Phelps. Accordingly, Folks will be allowed to proceed with his medical needs claim against Danberg and Phelps.

### F. Searches

Folks alleges that since his transfer to SHU his cell has been subjected to unusual and unwarranted searches; four times in four days. Inmates have no privacy rights in their cells, and, thus, that there is no constitutional prohibition against prison officials conducting unauthorized cell searches. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). Searches are an important part of prison security and, accordingly, prison officials are entitled to unfettered access without being subjected to claimed violations under the Fourth Amendment to the Constitution. *Id.* at 27. However, searches which constitute "calculated harassment unrelated to prison needs" are not necessarily permissible. *Id.* at 530. "Nor does it mean that prison attendants can ride roughshod over inmates' property rights with impunity." *Id.*

There are no allegations that the frequent cell searches were unrelated to prison needs or for the purpose of harassment. Indeed, Folks states that he just arrived at SHU and does not know any of the guards. As currently presented, the claim lacks an arguable basis in law or in fact and must, therefore, be denied as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## G. Grievances

The complaint contains many allegations regarding the grievance process, that Folks'
grievances are ignored and/or denied, and Folks' general dissatisfaction with the grievance
process. The filing of a prison grievance is a constitutionally protected activity. *Robinson v.
Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (not reported). Although prisoners have a
constitutional right to seek redress of grievances as part of their right of access to courts, this
right is not compromised by the failure of prison officials to address these grievances. *Booth v.
King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a
constitutionally protected right to prison grievance procedures. *Travillion v. Leon,* 248 F. App'x
353, 356 (3d Cir. 2007) (citations omitted) (not published); *Burnside v. Moser*, 138 F. App'x
414, 416 (3d Cir. 2005) (not reported) (failure of prison officials to process administrative
grievance did not amount to a constitutional violation). Nor does the existence of a grievance
procedure confer prison inmates with any substantive constitutional rights. *Burnside,* 138 F.
App'x at 417 (citations omitted). Plaintiff cannot maintain his constitutional claims based upon
his perception that his grievances were not properly processed, investigated, or that the grievance
process is inadequate. Therefore, the allegations of unconstitutional conduct relating to
grievances filed will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(b)(1).

## H. Heart Healthy Diet

Folks alleges that beginning October 13, 2008, the VCC began serving a "heart healthy
diet" that has small portions he describes as "suitable for a five year old." Folks alleges the
"heart healthy diet" does not have the required number of calories, and is neither nutritious, nor

-9-

prepared under clean conditions. He posits that "if the prison was so concerned about my heart and/or making sure that I receive heart healthy food, then they would stop selling all that high cholesterol and junk food" at the prison commissary. Folks alleges a violation of his constitutional rights as a result of the forced "heart healthy diet."

While inmates have a right to a nutritionally adequate diet, *Woods v. Thieret*, 903 F.2d 1080, 1082 (7th Cir. 1990) they have no constitutional right to be served a particular type of meal. *Burgin v. Nix*, 899 F.2d 733, 734-35 (8th Cir. 1990). Moreover, an inmate's constitutional rights are not violated when served a heart healthy diet. *See Wilson v. Woodford*, Civ. No. 1:05CV00560OWWSMSPC, 2009 WL 839921 (E.D. Cal. Mar. 30, 2009). The claim is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. Request for Counsel

Folk requests counsel on the grounds that he does not have the ability to present his own case, he is unskilled in the law and does not have the ability to effectively pursue an investigation, the case may turn on credibility determinations, expect witnesses will be required, he is indigent, the interest of justice requires counsel, and his allegations, if proven, establish a violation of his constitutional rights. (D.I. 11.) A *pro se* litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."

-10-

*Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155

(3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a

finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the court should consider a number of factors when

assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;(2) the difficulty of the
> particular legal issues; (3) the degree to which factual investigation will be
> necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's
> capacity to retain counsel on his own behalf; (5) the extent to which a case is
> likely to turn on credibility determinations; and (6) whether the case will require
> testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d

492, 499 (3d Cir. 2002).

Upon consideration of the record, the court is not persuaded that counsel is warranted at

this time. Folks has ably demonstrated an ability to present his claims and there is no evidence

that prejudice will result in the absence of counsel. Further requests for counsel shall be deemed

denied without prejudice to renew should any of Folks' claims survive summary judgment.

## V. MOTIONS TO AMENDED COMPLAINT

Subsequent to the filing of the amended complaint, Folks filed four motions to amend.

(D.I. 4, 5, 8, 16.) The first motion to amend restates the television disposal issue, grievance

issue, and raises a new claim of commissary price gouging. (D.I. 4.) The second motion to

amend restates the television disposal issue. (D.I. 5.) The third motion to amend seeks to add a

new defendant, Officer Summer H. McLaughlin as to the television disposal issue, and restates

the denial of medical care for his hepatitis C condition, the grievance issue and the transfer from

MHU to SHU issue. (D.I. 8.) The fourth motion to amend raises new issues that occurred several months after the filing of the original complaint and are unrelated to the claims raised in the original complaint and amended complaint. (D.I. 16.)

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

As discussed above, Folks' television disposal claim, grievance claims, and transfer from MHU to SHU claim (i.e. classification) are frivolous and will be dismissed. Inasmuch as these

-12-

claims are frivolous the court will deny the motions to amend theses claims.

The court will also deny the motion to amend the medical needs claim alleging failure to treat Folks' Hepatitis C for two years. The amendment makes no mention of any individual who allegedly denied Folks medical care. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Therefore, the amendment advances a claim that is legally deficient on its face.

Folks' claim of price gouging at the commissary is also frivolous inasmuch as inmates have no federal constitutional right to purchase items from a commissary. *Travillion v. Allegheny County Bureau of Corrections*, Civil No. 2:07-CV-928, 2008 WL 2699998, at*2 (W.D .Pa. July 7, 2008) (collecting cases and finding that "[i]nmates have no federal constitutional right to be able to purchase items from a commissary"). Again, the court will deny leave to amend as futile.

Finally, the fourth motion to amend raises new issues for acts that occurred after the filing of the original complaint and claims that do not appear in the original complaint or the amended complaint. The court will not allow Folks to add claims, ad infinitum, unrelated in time or to allegations in the original complaint and its amendment. The remedy available to Folks is to file a new lawsuit. His claims are limited to the remaining viable claims in the complaint and amended complaint. (D.I. 1, 3.)

For the above reasons, the court will deny Folks' motions for leave to amend as futile. (D.I. 4, 5, 8, 16.)

## VI. CONCLUSION

For the above stated reasons Folks will be allowed to proceed with his retaliation claim against Phelps and his medical needs claim against Danberg and Phelps. All remaining claims and defendants are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____ June 1_____, 2009
Wilmington, Delaware

-14-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN FOLKS,                             )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 ) Civ. Action No. 09-103-GMS
                                        )
CARL DANBERG, et al.,                   )
                                        )
          Defendants.                   )

**ORDER**

At Wilmington this 1 day of June, 2009 for the reasons set forth in the

Memorandum issued this date,

IT IS ORDERED that:

1. The plaintiff's motions to amend are **denied**. (D.I. 4, 5, 8, 16.)

2. The plaintiff's request for counsel is **denied** without **prejudice**. (D.I. 11.)

3. The claims against the defendants Rick Kearney, Michael Costello, Michael Little,

Ronald Hosterman, and the classification, stolen television, search, grievance, and heart healthy

diet claims are **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

4. The court has identified what appears to be cognizable claims within the meaning of

28 U.S.C. § 1915A against the defendants Commissioner Carl Danberg and Warden Perry

Phelps. Folks is allowed to **proceed** against these defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall provide the court with

"USM-285" forms for the **remaining defendants Carl Danberg and Perry Phelps,** as well as

for the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C).  The plaintiff shall also provide the court with copies of the complaint and amended complaint (D.I. 1, 3).  **The plaintiff is notified that the United States Marshal will not serve the complaint and amended complaint until all "U.S. Marshal 285" forms and copies of the complaint and amended complaint have been received by the clerk of the court.  Failure to provide the "U.S. Marshal 285" forms and copies of the complaint for the remaining defendants and the chief deputy attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.  Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint and amendment (D.I. 1, 3), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4.  Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

5.  Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of

-2-

Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). **\*\*\***

8. **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. **\*\*\***

CHIEF, UNITED STATES DISTRICT JUDGE

-3-