IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN FOLKS,                          )
                                     )
            Plaintiff,               )
                                     )
      v.                             ) Civ. Action No. 09-103-GMS
                                     )
CARL DANBERG, et al.,                )
                                     )
            Defendants.              )

## MEMORANDUM ORDER

### I. Introduction

The plaintiff John Folks ("Folks"), a prisoner incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983. Pending before the court are three motions filed by Folks; for injunctive relief, for counsel, and for a default judgment. (D.I. 52, 53, 56.)

### II. Injunctive Relief

On November 24, 2009, Folks filed a motion for a preliminary injunction against the defendants Carl Danberg ("Danberg") and Perry Phelps ("Phelps") claiming that they are legally responsible for denial of his medical care when they ignored doctor's orders to place him on bottom bunk status and routinely placed him in the Security Housing Unit ("SHU") and the Medium-High Housing Unit ("MHU") in retaliation for filing this lawsuit. (D.I. 52.) The defendants were ordered to file a response to the motion on or before March 15, 2010. (D.I. 55.) They did not. As a result, Folks filed a motion for a default judgment. (D.I. 56.) The motion asks the court to order his transfer from SHU to a housing assignment in general population.

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.,* 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg,* 322 F. App'x 169, 170 (3d Cir. 2009) (not published) *(citing Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995).

Folks' motion indicates that on October 22, 2009, Dr. Desrosiers ("Dr. Desrosiers") wrote a medical order for a bottom bunk assignment due to Folks' arthritis and constant back, leg, and thigh pain. (D.I. 52.) Folks "is often in pain" and "can hardly get on [the] top bunk." *(Id.*, ex. B1.) It is difficult for him to lift his leg, and this caused Folks to fall from the top bunk on two occasions when he slipped and suffered minor injuries. *(Id.)* Dr. Desrosiers indicated that Warden Phelps would have to approve the bottom bunk assignment.

Folks wrote to Major James Scarborough ("Scarborough") on October 27, 2009, asking for approval of Dr. Desrosiers's order. *(Id.)* Scarborough forwarded Folks' letter to Deputy Warden Klein for his consideration. *(Id.*, ex. C1.) After Folks received Scarborough's response, he wrote a letter to Staff Lt. Willey asking for a bottom bunk assignment. *(Id.,* ex. D1.) The letter noted that there were several open bottom bunks on the MHU tier where Folks was housed.

When the bottom bunk had not been approved, Folks felt that he "had no choice but to refuse to get on a top bunk and not lock into his cell." *(Id.)* His refusal occurred on November 6, 2009. *(Id.*, ex. E1) As a result, he was placed in isolation and then transferred to SHU where he

remains to date. On November 12, 2009, Folks submitted a grievance and asked that he be removed from SHU, and transferred to a bottom bunk in MHU. (*Id.*)

In reading Folks' filings, it appears that he makes two requests: a bottom bunk assignment and a transfer from SHU to MHU. To the extent that Folks' claims are based upon his security classification, in Delaware, inmates have no constitutionally protected interest in their classification. *Riley v Snyder,* 72 F. Supp. 2d 456, 460 (D. Del. 1999); *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997). Folks' request goes directly to the manner in which the Delaware Department of Correction operates it prison, and an injunction would substantially harm the defendants. *See Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997). Additionally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Id.*

While it is clear from the record that Folks had a top bunk assignment in MHU, he makes no such claim with regard to his bunk assignment in SHU. As discussed, SHU is where he is housed, and it is unclear from the record if Folks is assigned to a top or bottom bunk. Hence, the record does not demonstrate the likelihood of success on the merits. Also, the record does not support a finding that Folks' transfer to SHU is related to retaliation. It is clear from his motion that Folks was transferred because he refused to obey prison rules. Finally, while plaintiff has a medical condition and may need a bottom bunk for his safety, the record indicates that the injuries he sustained are minor, and there is no indication that at the present time, he is in danger of suffering irreparable harm. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief. Therefore, the court will deny his motion.

-3-

The court will also deny the motion for a default judgment. The defendants' failure to file a response to Folks' motion for injunctive relief does not provide sufficient grounds to enter default judgment.

## III. Request for Counsel

### A. Request for Counsel

Folks requests counsel on the grounds that: (1) he does not have the ability to present his case; (2) he is unskilled in the law and the issues are complex; (3) the case may turn on credibility determinations; (4) the testimony of an expert witness will be necessary; (5) he cannot afford counsel; (6) counsel will serve the best interests of justice; and (7) the allegations, if proven, clearly show a violation of his constitutional rights.

Although a plaintiff does not have a constitutional or statutory right to an attorney,[1] a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)). Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (Section § 1915(e)(1) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."); *Tabron v. Grace*, 6 F.3d at 153 (no right to counsel in a civil suit).

by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual

investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's

capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on

credibility determinations or expert testimony. *Montgomery v. Pinchak*, 294 F.3d 492, 498-99

(3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

Folks has previously requested, and been denied, counsel. *(See* D.I. 39.) Folks was

advised that further requests for counsel would be denied without prejudice to renew should any

of his claims survive summary judgment. The record reflects that Folks has ably demonstrated

an ability to present his claims and there is no evidence that prejudice will result in the absence

of counsel. For these reasons, the court will deny Folk's request for counsel. (D.I. 53.)

## IV. Conclusion

IT IS HEREBY ORDERED that:

1. The motion for a preliminary inunction is **denied**. (D.I. 52.)

2. The request for counsel is **denied** without prejudice with leave to renew. (D.I. 53.)

3. The motion for default judgment is **denied**. (D.I. 56.)

_____, 2010

Wilmington, Delaware

CHIEF UNITED STATES DISTRICT JUDGE

-5-