IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN FOLKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-103-GMS |
| | ) |
| CARL DANBERG and PERRY PHELPS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

The plaintiff, John Folks ("Folks"), is an inmate incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, who appears *pro se*. On August 8, 2011 the court granted the defendants' motion for summary judgment and closed the case. (D.I. 78.) In the same order, counsel for defense was ordered to take steps to unseal the motion for summary judgment. Defense counsel has since taken the appropriate steps. Folks moves for reconsideration of the order granting defendants' motion for summary judgment and asks the court to enter default against the defendants' for defense counsel's failure to take the steps necessary to unseal the motion.

The standard for obtaining relief under Rule 59(e) is difficult for Folks to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d

1194, 1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Folks argues that defense counsel's initial failure to take the steps necessary to unseal the motion for summary judgment warrants an entry of default, the imposition of monetary sanctions, and reversal of the memorandum opinion and order that granted the defendants' motion for summary judgment. Folks' position is frivolous. Moreover, he has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's August 4, 2011 order granting the defendants' motion for summary judgment and closing the case. For the above reasons, the court will deny the motion for reconsideration.

NOW THEREFORE, at Wilmington this 5th day of Jan_____, 2012, IT IS HEREBY ORDERED that the motion for reconsideration is **denied**. (D.I. 82.)

CHIEF, UNITED STATES DISTRICT JUDGE